UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AMAZING TRUCKING & LOGISTICS, INC., | )<br>)<br>) |
| Plaintiff / Counter-Defendant, | )<br>) |
| v. | ) No. 2:19 CV 284 |
| | ) |
| AMERICAN INTER-FIDELITY CORPORATION, | )<br>)<br>) |
| Defendant / Counter-Claimant. | ) |

## OPINION and ORDER

This matter is before the court on the issue of subject-matter jurisdiction, raised *sua sponte* by Magistrate Judge Joshua P. Kolar. (DE # 16.) The matter is fully briefed by the parties. (DE ## 17, 19.)

**I.     BACKGROUND**

This lawsuit was initially filed by plaintiff in the Superior Court of Lake County, Indiana. (DE # 4.) Plaintiff's complaint outlined a claim for breach of contract and an action for accounting, and sought $18,952.27. *Id.* Defendant filed a counterclaim seeking $141,000.00. (DE # 6.) Thereafter, plaintiff removed the case to this federal court, citing the diversity jurisdiction statute, 28 U.S.C. § 1332, and stating that the amount in controversy on the counterclaim exceeded $75,000.00. (DE # 1.)

Two potential problems were evident at this point. One, the removal statute permits defendants to remove cases to federal court, but not plaintiffs. 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State

court shall file . . . a notice of removal . . . "). Two, it was unclear whether plaintiff sought to establish the amount in controversy by examination of the complaint, the counterclaim, or both. Magistrate Judge Kolar ordered briefing at the Rule 16 preliminary pretrial conference. (DE # 16.)

II.     **LEGAL STANDARD**

A defendant in state court may remove a case to a federal district court only if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). If the district court does not have jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

When considering whether to remand a case that has been removed to federal court, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The burden of establishing federal jurisdiction falls on the party seeking removal. *Id.*; *see Oshana v. Coca–Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

III.    **DISCUSSION**

Plaintiff admits that it should not have removed this case under Section 1446(a), but argues that any objection by defendant on this basis was due 30 days after the improper removal under 28 U.S.C. § 1447(c). Plaintiff argues that because defendant did not raise any objection in the statutory 30-day period, defendant has waived any right

2

to raise one at this point. Defendant does not address this issue, so the court assumes the matter is conceded.

The second issue is whether the amount in controversy requirement, found in 28 U.S.C. § 1332, in satisfied. Defendant argues that the allegations in plaintiff's complaint, alone, establish an amount in controversy well below the $75,000 threshold, and that plaintiff improperly relies upon the amount sought in the counterclaim as a basis for establishing the amount in controversy. The Seventh Circuit has not explicitly ruled on whether the amount in controversy requirement may be satisfied by consideration of counterclaims. Some circuits have held that a counterclaim may be considered. *See, e.g., Fenton v. Freedman*, 748 F.2d 1358, 1359 (9th Cir. 1984); *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 121 (3d Cir. 1997). However, plaintiff admits that the vast majority of district court's under the Seventh Circuit's purview have held that counterclaims may not be considered in establishing the amount in controversy. *See, e.g., Chejfec v. Citibank, N.A.*, No. 18-CV-07601, 2019 WL 5588903, at *2 (N.D. Ill. July 29, 2019); *Plant Eng'g Servs., Inc. v. SIFCO Forge Grp.*, No. 1:12-CV-231-JD-RBC, 2012 WL 5398308, at *2 (N.D. Ind. Nov. 5, 2012); *Arandell Corp. v. Papo d'Anjo Grp., Inc.*, No. 06–C–1100, 2007 WL 30883 *3 (E.D. Wis. Jan. 4, 2007); *Warren Loveland, LLC v. Keycorp Inv. L.P. IV*, No. 05–C–162–C, 2005 WL 1427707 *3 (W.D. Wis. June 17, 2005); *Kenray, Inc. v. Judson Atkinson Candies, Inc.*, NA 02–132–C B/H, 2002 WL 2012439 *4 (S.D. Ind. Aug. 28, 2002). This court finds the decisions of its sister district courts persuasive in this instance.

3

This court also relies upon a recent Supreme Court case, *Home Depot U. S. A., Inc. v. Jackson,* wherein the Court stated that "Section 1441(a) . . . does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." 139 S. Ct. 1743, 1748 (2019). *Home Depot* involved different facts because it dealt with a third-party counterclaim. Nonetheless, when the court views *Home Depot* in combination with the general trend of district courts in this circuit, while simultaneously considering the general rule favoring remand if there is any doubt about jurisdiction, this court must conclude that the amount in controversy should not be measured with reference to defendant's counterclaim.

Plaintiff creatively argues that it is not actually relying on the counterclaim to establish the amount in controversy; rather, plaintiff argues that the counterclaim is *evidence* of the value of its own action for accounting. The nature of an accounting claim, plaintiff argues, is such that the ultimate amount of recovery is unknown until the case progresses further, and that the amount claimed by defendant in its counterclaim sheds light on what is actually at stake in the lawsuit. This argument is contrary to plaintiff's own notice of removal, which clearly argues that this court has "original jurisdiction over AIFC's *Counterclaim* pursuant to 28 U.S.C. §1332 by reason that it is a dispute between citizens of different states, and the amount in controversy exceeds $75,000.00." (DE # 1 ¶ 6 (emphasis added)). But, more importantly, plaintiff's argument that a counterclaim may serve as evidence of the amount in controversy with respect to

4

plaintiff's own action for accounting is supported by no legal precedent whatsoever. Plaintiff does not present a single case, from this jurisdiction or any other, where such an argument has been adopted. The court declines to break ground in this uncharted area of the law.

IV. **CONCLUSION**

For the reasons set forth above, this case is **REMANDED**.

                              **SO ORDERED.**

Date: April 7, 2020

                s/James T. Moody
                JUDGE JAMES T. MOODY
                UNITED STATES DISTRICT COURT